UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY KATHRYN BRADNER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 11-11636

Honorable Nancy G. Edmunds

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    This matter comes before the Court on the Magistrate Judge's April 30, 2012 Report and Recommendation. Being fully advised in the premises and having reviewed the record and the pleadings, including Defendant's Objections, the Court REJECTS IN PART and ACCEPTS IN PART the Magistrate Judge's Report and Recommendation, and REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

    The ALJ's finding under step 5 of 20 C.F.R. § 416.920(a) that the Plaintiff retained the residual functional capacity to perform work in the national economy was not supported by substantial evidence. The Commissioner has the burden to show that alternative jobs are available in the economy. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). A vocational expert's testimony can constitute substantial evidence to support the Commissioner's finding that a claimant is capable of performing a significant

number of jobs existing in the regional and national economy. *Bradford v. Sec'y of Health and Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986). A vocational expert's testimony must be based on hypothetical question which accurately portrays the claimant's physical and mental impairments. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

In this case, the Commissioner attempted to satisfy his burden with the testimony of a vocational expert. However, as the Magistrate noted, the vocational expert testified based on a flawed hypothetical, a hypothetical that failed to include certain aspects of the Plaintiff's impairment.

As a result, the Magistrate recommended that the case be reversed and remanded for an award of benefits. However, as the Defendant objects, the court can reverse and remand for an award of benefits only where all factual issues have been resolved and the claimant is clearly entitled to benefits. *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

In *Faucher*, like in this case, the ALJ presented a flawed hypothetical to the vocational expert by failing to incorporate all of the plaintiff's impairments. Thus, the Sixth Circuit held that there was no clear entitlement to benefits and the case should be remanded for a rehearing on this issue under sentence four of 42 U.S.C. § 405(g).[1] *Accord Newkirk v. Shalala*, 25 F.3d 316 (6th Cir. 1994).

Here, the ALJ presented a flawed hypothetical to the vocational expert, and thus factual issues were left unresolved. Although the Magistrate, in remanding for an award

---

[1] Sentence four of 42 U.S.C. § 405(g) provides, "The court shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

of benefits, found that the number of jobs Plaintiff could work would be significantly diminished under a correct hypothetical, there has been no finding of how many jobs this would be. Therefore, remanding to the Commissioner for a reward of benefits would be improper. Accordingly, the case must be remanded for further proceedings to establish whether Plaintiff is entitled to benefits.

As explained above, the Court hereby PARTIALLY ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation. Accordingly, it is further ordered that Defendant's motion for summary judgment is hereby DENIED, and Plaintiff's motion for summary judgment is partially GRANTED. The decision of the Commissioner is REVERSED, and the case is REMANDED for further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated: July 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 24, 2012, by electronic and/or ordinary mail

s/Carol A. Hemeyer_____
Case Manager